NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**HVF WEST, LLC,**
*Plaintiff-Appellee*

**v.**

**UNITED STATES,**
*Defendant-Appellant*

**LAMB DEPOLLUTION, INC.,**
*Defendant-Appellant*

———————————

2020-1414, 2020-1583

———————————

Appeals from the United States Court of Federal Claims in No. 1:19-cv-01308-MMS, Chief Judge Margaret M. Sweeney.

———————————

Decided:  February 19, 2021

———————————

EDWARD SANDERSON HOE, Covington & Burling LLP, Washington, DC, argued for plaintiff-appellee.  Also represented by ANDREW GUY, DARBY ROURICK.

STEVEN MICHAEL MAGER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellant

United States.   Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., DOUGLAS K. MICKLE.

    SHAR BAHMANI, Sacks Tierney P.A., Scottsdale, AZ, argued for defendant-appellant Lamb Depollution, Inc.  Also represented by JOE KEENE.

_____

    Before PROST, *Chief Judge*, CLEVENGER and HUGHES, *Circuit Judges*.

CLEVENGER, *Circuit Judge*.

    The United States ("Government") and Lamb Depollution, Inc. ("Lamb") appeal the final judgment of the United States Court of Federal Claims ("Claims Court") in this bid protest case holding that it had subject matter jurisdiction to hear HVF West, LLC's ("HVF") bid protest claim and that HVF had standing to bring the claim, and further granting HVF's motion for judgment on the administrative record. *HVF West, LLC v. United States*, 146 Fed. Cl. 314 (2019). For the reasons set forth below, we *reverse*.

I

    The contract in suit stems from a solicitation issued by the Defense Logistics Agency Disposition Services ("agency") for the purchase and destruction of surplus Government military property. Prior to taking title of the purchased property, the contractor was required to demilitarize or mutilate the property to prevent design information from being released. The contractor would then own the scrap residue resulting from the property's destruction.

    The solicitation described itself as a "sales contract," but clearly called for the performance of demilitarization or mutilation services for the agency by the winning bidder. The solicitation requested that sealed bids include only the price that the contractor would pay per pound for the

property. Although bidders were required to meet certain non-price criteria (e.g., technical ability to perform the work), the solicitation did not clearly indicate whether all bidders would be evaluated together under the criteria or whether only the highest bidder's non-price qualifications would be evaluated. The agency's contracting officer ("CO") received four bids in total. Lamb had the highest bid and HVF had the lowest bid with two other bidders in between. The CO only evaluated the non-price criteria for Lamb, and awarded the contract to Lamb after finding it met all the non-price criteria. HVF unsuccessfully protested the award to Lamb, first at the agency, and then at the Government Accountability Office ("GAO"), and finally filed a bid protest suit in the Claims Court.

28 U.S.C. § 1491(b)(1) vests the Claims Court with jurisdiction to hear bid protest claims by an interested party in connection with a procurement contract. In order to have standing to bring the bid protest, a losing bidder must show that it had a substantial chance of winning the contract but for the alleged error. HVF argued that the contract at issue called for a procurement of services and thus satisfied § 1491(b)(1). Although HVF was fourth in line on price, it asserted that it had standing to protest the contract award based upon detailed allegations in the complaint that Lamb had failed to satisfy specific non-price criteria required under the "pre-award survey," and that the two other intervening bidders "failed to meet the standards for a successful pre-award survey." J.A. 59. In its motion for judgment on the administrative record, HVF further alleged that two intervening bidders were ineligible to receive the contract either because they lacked experience in demilitarization services or had never received a federal contract with a money obligation as great as the one for the contract at issue. By challenging the qualification of the price winner, Lamb, and questioning the two intervening and better-priced bidders, HVF claimed that it had a substantial chance of receiving the award. Thus, according to

HVF, the Claims Court had subject-matter jurisdiction over its complaint, it had standing to protest the contract award, and it could show that the CO had erred in finding that Lamb satisfied all the non-price criteria required for the award of the contract. Lamb and the Government challenged the subject-matter jurisdiction of the Claims Court on the ground that the contract was in connection to a sale of property, rather than procurement of property or services, and alleged that HVF lacked standing to bring the claim. Lamb further alleged that the CO had correctly determined that Lamb met all the non-price criteria.

In its final judgment on the administrative record, the Claims Court held that the solicitation's procurement of services provided more than a de minimis value to the agency sufficient to meet the jurisdictional statute, that HVF satisfied the legal test for standing, and that HVF successfully showed that the CO erred in finding Lamb satisfied all non-price criteria in the solicitation. Accordingly, the Claims Court ordered the agency to cancel the contract awarded to Lamb.

II

Lamb and the Government timely appeal from the final decision of the Claims Court. We have jurisdiction under 28 U.S.C. § 1295(a)(3) and review questions of standing de novo. *Am. Fed'n of Gov't Emps. v. United States*, 258 F.3d 1294, 1298 (Fed. Cir. 2001).

Lamb and the Government argue that the solicitation does not satisfy the jurisdictional requirements of § 1491(b)(1) because it is for a contract for sale of property rather than for a procurement of property or services, and any services required in the solicitation are merely a condition to sale that does not transform the underlying nature of the contract. Lamb also challenges HVF's standing and asserts error in the Claims Court's finding that Lamb failed to satisfy all the non-price criteria. Because we hold that HVF lacks standing to bring the protest, we reverse

on that ground and do not reach the other grounds for reversal argued by Lamb and the Government.

## III

Standing under § 1491(b)(1) "imposes more stringent standing requirements than Article III" by requiring the losing bidder to be an "interested party." *Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1359 (Fed. Cir. 2009). We have held that an interested party is an actual or prospective bidder whose "direct economic interest would be affected by the award of the contract or by failure to award the contract." *Am. Fed'n*, 258 F.3d at 1302. To succeed in showing that it had a direct economic interest, HVF had to make a sufficient showing that it had a "substantial chance" of winning the contract. *Eskridge & Assocs. v. United States*, 955 F.3d 1339, 1345 (Fed. Cir. 2020).

In order for HVF to show that it had a substantial chance of winning the award for this solicitation, it had to sufficiently challenge the eligibility of Lamb and both of the intervening bidders. *See, e.g., United States v. Int'l Bus. Machines Corp.*, 892 F.2d 1006, 1010 (Fed. Cir. 1989); *Eskridge*, 955 F.3d at 1344 (protesting party lacked standing upon failure to "make a credible challenge to the technical acceptability of four lower [price] bids"). However, HVF only proffers allegations based upon conjecture that are insufficient to show it had a substantial chance of winning the award. *See Bannum, Inc. v. United States*, 404 F.3d 1346, 1358 (Fed. Cir. 2005) ("There is nothing besides Bannum's conjecture to support the contention that another review . . . would provide it a substantial chance of prevailing in the bid."). In its complaint, HVF alleged only that the intervening bidders "failed to meet the standards for a successful pre-award survey." J.A. 59. This conclusory statement is insufficient to question the eligibility of the intervening bidders.

In an attempt to support its allegation with extrinsic evidence, HVF purported that the website of one

intervening bidder made no mention that the company performed demilitarization work or would be capable of performing such work. However, these speculative assertions do not account for the fact that the solicitation stated that non-price considerations, such as experience, could be demonstrated through the facilities of a subcontractor and need not be shown through a bidder's own facilities. HVF also alleged that the individual representing the other intervening bidding entity had never received a federal contract that was close to the value of the contract at issue. But this does not indicate on its own that the intervening bidding entity, rather than its associated individual, would have been unable to fulfill the contract.

Again, HVF's speculative conclusions fail to provide a sufficient reason to question the eligibility of the intervening bidders. *See Orbital Maint. & Constr. Co. v. United States*, 145 Fed. Cl. 71, 76 (2019) (determining that plaintiff failed to challenge the two other offerors' eligibility because its arguments were highly speculative and thus, it had no standing); *see also Esilux Corp.*, B-234689, 89-1 CPD ¶ 538, (Comp. Gen. June 8, 1989) (protester had no standing because it failed to provide support for bare allegations that the second-lowest offeror was not responsible and its offer unacceptable). Without more, HVF falls short of the threshold to establish it had a substantial chance of winning the award. *Cf. Hyperion, Inc. v. United States*, 115 Fed. Cl. 541, 550 (2014) (plaintiff had standing because it adequately alleged that three lower-priced proposals were improperly considered technically acceptable); *Bluewater Mgmt. Grp., LLC v. United States*, 150 Fed. Cl. 588, 608–09 (2020) (plaintiff substantively alleged with detailed reference to specific contract requirements that two lower-priced bidders had non-compliant or deficient bids, which was sufficient to establish that it had a substantial chance of winning).

The Claims Court's decision, entered on November 22, 2019, did not have the benefit of our subsequent decision

in *Eskridge*. In that case, we made clear that even when an agency assesses price-ranked bidders together for technical compliance to select the bid most advantageous to the Government, as HVF asserts the agency should have done in this solicitation, the least favored price-ranked bidder has standing only upon mounting a credible challenge to the technical acceptability of the better price-ranked bidders in line and in front of the protesting party. In this case, HVF failed to mount such a challenge.

## IV

For the foregoing reasons, we *reverse* the Claims Court's judgment that HVF had standing to bring its bid protest suit. This case is remanded to the Claims Court for dismissal of HVF's complaint.

## REVERSED AND REMANDED

### COSTS

No costs.